## W. D. DUNNIVANT & CO. *v.* DANIEL MILLER.

ERROR CORAM NOBIS. *Cause for. Taking case up out of order.* A petition for a writ of error *coram nobis* which simply states, as ground for relief, that the case was taken up out of its order and judgment rendered by accident or mistake, is insufficient, since it fails to disclose what the accident or mistake was, this being essential, as the error in fact complained of must be such as would have prevented the rendition of the judgment, if it had judicially appeared on the trial.

Cases cited: 1st Swan, 345; 4 Sneed, 432.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court. EUGENE CARY, Judge.

WILKIN & CHAMBERLIN for Dunnivant.

JOHN D. BRIEN for Miller.

NICHOLSON, Ch. J., delivered the opinion of the Court.

At the May Term, 1868, of the Davidson Circuit Court, a judgment was rendered in favor of Miller against Dunnivant & Co., for about $795. Upon the issuance of execution on the judgment, Dunnivant & Co. filed their petition for the writs of error *coram nobis* and *supersedeas,* which were granted. Upon motion, the petition was dismissed on the September Term, 1868, for insufficiency in the statement of

errors of fact.    During the same term a motion was made to set aside the judgment of dismissal, supported by several *ex parte* affidavits.    This motion being overruled, Dunnivant & Co. appealed to this Court.

The petition for writ of error *coram nobis,* was properly dismissed.    The allegation of errors in fact is, that the case was taken up out of its order, before it was regularly reached, and judgment rendered by the Court (there being a jury) upon a "motion day," and that neither the petitioners nor any of their counsel had consented thereto, or had any knowledge of the rendition of the judgment.    They allege that the judgment was so rendered "by accident or mistake."    What that "accident" or "mistake" was which caused the Court to render judgment in the case, out of its order, is not stated. This was essential, in order that the Court might judge whether the errors of fact alleged to have occurred in the proceedings were of such a character as to prevent the petitioners from making their defence by accident or mistake, without fault on their part. The error in fact complained of, must be such as would have prevented the rendition of the judgment, if it had judicially appeared at the trial.    1 Swan, 345; 4 Sneed, 432.    If there was any error in the rendition of the judgment in this case, it was rather an error of law than of fact, it being the trial of the cause out of its order, and in violation of a rule of the Court.    Such an error is subject to correction in

a revising Court, by appeal or writ of error. There was, therefore, no error either in diminishing the petition for the writ of error- *coram nobis*, or in overruling the motion to set aside the judgment of dismissal.