## C. D. Elliott *v.* R. C. McNairy & Co.

1. ERROR CORAM NOBIS. *Fiat does not commence suit. Bond is necessary.* This proceeding is not to bring up a former case, but to begin a new suit, to reverse a former judgment, which is not, in fact, begun until proper security is given. The mere granting of the *fiat* for the issuance of the writ is not its commencement.

Cases cited: 3 Head, 346; Code, § 3,115.

2. SAME. *Practice. Motion to dismiss.* Motion to dismiss may be made at any term of the Court, unless there has been an express waiver of irregularities.

C. D. Elliott *v.* R. C. McNairy & Co.

3. SAME. *Same. Issuance-of writ not necessary.* The writ, in fact, never issues, but is presumed to issue in accordance with the . *fiat,* on filing the petition with the Clerk of the Court, and giving bond as required by law. Application must be made within one year after rendition of former judgment.

FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

BROWN & MARTIN for C. D. Elliott.

WM. F. COOPER and THOS. A. MALONE for R. C. McNairy & Co.

FREEMAN, J., delivered the opinion of the Court.

This is a petition for a writ of error *coram nobis,* which was dismissed, on motion, by the Circuit Judge, and an appeal to this Court.

The judgment sought to be set aside was rendered in 1864, by the Circuit Court of Davidson County, and is for the sum of upwards of $8,000. The petition was sworn to by Elliott on the 31st day of December, 1867, this being the last day on which it could have been filed, as it is required to be filed within one year, and the Statute of Limitations commenced to run on the 1st day of January, 1867. On the same day the petition was presented to John Hugh Smith, Judge of the Criminal Court of Davidson County, who gave a *fiat* directing "the petition to be filed upon petitioner entering into bond sufficient to pay costs, etc." In January, 1868, Mr. Hamilton

"acknowledged himself as security for costs for the foregoing petition for *coram nobis.*" On the 9th, notice was issued and served on the parties ten days before the January Term of the Circuit Court, at which term a statement assigning errors was filed, and the case continued. At the next May Term, 1868, a motion was made to dismiss the writ of error *coram nobis,* which was sustained by the Court, from which there is an appeal to this Court. The question before us is the propriety of this action on the part of His Honor. It is clear, from the language of the Code, that a writ of error *coram nobis,* can only be had within a year after the rendition of the original judgment. Assuming that the party had a year after the 1st of January, 1867, in which to commence his proceeding, owing to suspension of the Statute of Limitations, the question is made as to whether the writ was issued, or the suit commenced within the period allowed by law. The petition for the writ of error *coram nobis* was presented to the Judge of the Criminal Court of Davidson County on the 31st of December, 1867, the last day allowed by the law, who gave a *fiat* directing the petition to be filed, and proper process to issue, on petitioner entering into bond sufficient to pay costs, no *supersedeas* being ordered. On the 2nd day of January, 1868, one Hamilton acknowledged himself the surety of Elliott for the costs of the foregoing petition, and we may assume it was then filed in the Clerk's office, probably, though there is no entry to that

effect by the Clerk, and it may be it was not filed for some days after this, as the notice of the writ of error *coram nobis* having been obtained, given to defendants, is dated, or rather issued to an officer, on the 9th of January, and served the same day. The petitioner, at the January Term, filed a more formal assignment of errors, on which he claimed a reversal of the former judgment rendered against him, of which no notice seems to have been taken by defendants. A motion was made, at the next term, to dismiss the petition, which, as we have said, was sustained.

It is now insisted that this motion came too late; that the petition in a case of this kind, like a petition for *certiorari* seeking a new trial in a case, serves only to bring the case into Court, and, having served this purpose, can no more be looked to; and that, if the petition, on its face, shows insufficient grounds for granting the writ, then a motion must be made at the first term of the Court, or it is too late, and the case stands for trial on its merits, as presented in the more formal assignment of errors made by petitioner.

This is a total misapprehension of the nature of this proceeding. It is not to bring up the former case, but a new suit commenced to reverse a former judgment, and the grounds on which the reversal is asked must be stated in the petition, and these grounds must be the basis of the issue to be presented in a more formal assignment of errors, to be

C. D. Elliott *v.* R. C. McNairy & Co.

made under the direction of the Court, as provided for in § 3,115 of the Code. If this were not so, the petition might present one state of facts, as the ground for the writ of error *coram nobis,* and then the party present a different one entirely, as the cause for reversal of former judgment, on which to form an issue. No such departure from the grounds stated in the petition is contemplated. The proceeding is more nearly analogous to the proceeding by *certiorari* and *supercedeas* to quash an execution, where the petitioner can only rely on the matter alleged in his petition. 3 Head, 346. If, therefore, the matter of the petition is insufficient, or from its face it appears to have been granted contrary to law, there is no reason why advantage may not be taken of the defect by motion to dismiss, at any term of the Court, unless there has been an express waiver of irregularities. We do not say, however, the party could by consent authorize the Court to grant after the year. As that question is not before us, we do not decide it. There is clearly no waiver here, but a motion made to dismiss.

We take it that this suit was not commenced until the security was given on the 2nd day of January, 1868. The mere granting of the *fiat* for the issuance of the writ is not its commencement, nor the issuance of the writ, only an authority for doing so, on compliance with the terms of the order. The writ, in fact, by our practice, never issues, but is presumed to issue in accordance with the *fiat,* on

C. D. Elliott *v.* R. C. McNairy & Co.

filing the petition with the Clerk of the Court, and giving bond as required by law. The party might keep the petition in his attorney's office, or in his pocket, and never file it at all, with the *fiat* upon it, yet it could not be assumed that in such a case the suit was commenced. We therefore hold that the suit for the writ was not commenced within a year after the 1st of January, 1867, and is therefore too late. The writ, which is presumed to have been had in filing the petition, has been had after the year in which it is allowed by law, and is not authorized by law. The Court properly dismissed the case then, unless we hold in contravention of the express language of the Code, that the writ may be had after the year therin specified as the limit for its issuance, which would be to repeal this provision. This we cannot do. In this view of the case we need not examine the grounds stated in the petition on which the writ was granted, nor the other question as to the power of the Criminal Judge to give the *fiat* for the writ. It is probable we would sustain the action of the Court on the first ground, as it is, to say the least of it, doubtful whether the party has shown himself prevented from making his assumed defence to the original suit, by surprise, fraud, accident, or mistake without fault on his part.

The result is, the judgment of the Circuit Court is affirmed.