HENDRICKSON *v.* CARTRIGHT.

(*Knoxville.*    September 18, 1897.)

APPEAL.    *Does not lie in slander case upon pauper oath.*

The plaintiff in action for slander, cannot prosecute an appeal *in forma pauperis* from a judgment dismissing his suit and taxing him with costs.

Code construed: § 4928 (S.); § 3912 (M. & V.); § 3192 (T. & S.)

Cases cited: Cox *v.* Patterson, 11 Lea, 545; Heatherly *v.* Bridges, 1 Heis., 220.

FROM   SULLIVAN.

Appeal in error from Circuit Court of Sullivan County.    H. T. CAMPBELL, J.

TIPTON, SIMERLY & MILLER and DANA HARMON for Hendrickson.

CURTIN & HAYNES, JOHN FAIN, and W. F. MULLINIX for Cartright.

WILKES, J.    This is an action for slander.    There was a trial before the Court and jury and verdict and judgment for the defendant, and plaintiff has appealed and assigned numerous errors.

A preliminary motion is made to dismiss the appeal because it is attempted to be prosecuted under the pauper oath.    It appears that at the inception of the suit a bond for cost was regularly executed

and accepted by the Clerk. This bond was afterward excepted to before the Court for insufficiency of the surety, and an order was entered requiring a new bond to be given or the surety to justify. Plaintiff, thereupon, by leave of the trial Court, put into the hands of the Clerk of that Court $250 in cash, in lieu of bond, and it was accepted by the Court and the cause proceeded to trial. Upon the coming in of the verdict in defendant's favor, and entering judgment upon the same, it was directed by the Court that so much of the $250 deposit as was necessary would be applied to the costs then accrued, and any balance of the deposit would be returned to the plaintiff. It appears that the bill of costs accrued, up to the trial of the appeal, amounted to $250.52, and a memorandum is made by the Clerk that this bill of costs had been paid by the plaintiff, Hendrickson, so that the cost of the transcript and appeal only remain unpaid. Plaintiff was allowed to prosecute his appeal upon the pauper oath, by the consent and order of the trial Court, and over the protest of defendant, and the defendant now moves, in this Court, to dismiss the appeal for want of appeal bond.

This question was presented to this Court in *Cox v. Patton*, 11 Lea, 545, and it was there held that the plaintiff, in an action for slander, cannot prosecute an appeal *in forma pauperis*, and this would seem to be conclusive of the question. Appellant insists that there is a difference between that case

and this, in that in the *Cox* v. *Patton* case the plaintiff in the Court below secured a small judgment of $15, but was not content therewith, and sought a larger recovery in the Supreme Court, while in the present case the judgment in the Court below was against the defendant for costs, and there was no judgment in his favor, so that the appeal must be considered as an appeal from an improper judgment for costs, citing *Heatherly* v. *Bridges*, 1 Heis., 220. This latter case simply holds that a defendant, in an action for false imprisonment, malicious prosecution, or slanderous words, has a right to an appeal *in forma pauperis*, but that § 3192, Code of Tennessee (Shann., § 4928), regulating the use of the pauper oath, only applies to plaintiffs, and not to defendants, who are not restricted in their right to an appeal *in forma pauperis* in the exceptional cases, as are plaintiffs, by the terms of that section. Nor can plaintiff be sustained in his contention that the appeal will lie *in forma pauperis* because it is from a judgment for costs. The appeal is in the nature of a writ of error, and brings before this Court the question of plaintiff's right to recover damages, as well as costs, in his action, and the appeal is, in substance and effect, a continuation of the prosecution of the original suit.

We are of opinion the plaintiff has no right to prosecute his appeal, in a case like the one at bar, upon the pauper oath, and the appeal is dismissed at cost of appellant.