Wills v. Wills.

(*Jackson.* April 12, 1900.)

1. DIVORCE. *Decree for, not reviewable by writ of error coram nobis.*
A decree awarding divorce and custody of children cannot be re-
viewed or reversed by writ of error *coram nobis.* The statute
forbids review or reversal of such decree except on appeal.
The remedy for a fraudulent decree granting divorce is by bill
in equity to set it aside.

Code construed: §§ 6819, 4844, 4845, 4890 (S.); §§ 5705, 3829, 3830,
3875 (M. & V.); §§ 4883, 3116, 3117, 3158 (T. & S.).

Cases cited: McBee *v.* McBee, 1 Heis., 561; Parmenter *v.* Par-
menter, 3 Head, 225; Crawford *v.* Williams, 1 Swan, 341; Elliott
*v.* McNairy, 1 Bax., 343; Leftwick *v.* Hamilton, 9 Heis., 310;
Chaney *v.* Bryan, 15 Lea, 589; Thoms *v.* King, 95 Tenn., 60.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson
County. JOHN · R. BOND, J.

TAYLOR & BIGGS for Henry M. Wills.

SPL. HILL for Zela E. Wills.

WILKES, J. This is a petition for writ of
error *coram nobis* in the Circuit Court of Gib-
son County. Its object is to annul, avoid, and
vacate a judgment for divorce pronounced in that

Court in the case of *Zela E. Wills* v. *H. M. Wills* at the September term, 1899. By that judgment divorce was granted to the wife, as well as the custody of two minor children. The petition was filed within a year after the rendition of the decree complained of. Errors were assigned, a motion to dismiss was made and sustained upon the ground that a writ of error *coram nobis* would not lie to correct errors committed in a proceeding for divorce.

This ruling of the learned trial Judge was based upon the provisions of the statute (Shannon, § 4890) in the following words:

"In divorce cases an appeal shall be the only mode of. revising errors. And upon the further ground that the writ contradicted the record of the former suit and was insufficient in law."

The principal allegations of the petition upon which the right to relief is based, are that the petitioner and defendant thereto were married in 1894; that he was then, and had ever since been, a citizen of Indiana and not a citizen or resident of Tennessee, though he had been in Tennessee for some two years teaching, but all the while intending to return to Indiana; that he did return to that State in September, 1896, his wife returning with him, and where they continued to reside until April, 1899, when she left him and came to Tennessee, and at once filed her bill for divorce. It was charged that the

Wills *v.* Wills.

wife had not been a citizen of Tennessee two whole years before bringing the suit, but in fact for only 22 days; that petitioner had no actual notice of the proceeding for divorce, that it was fraudulently brought and prosecuted, and he was prevented from appearing and making defense by want of notice; that if he had been allowed to make defense, he would have shown the want of residence of defendant in Tennessee for the period required by law; that the charges and allegations of the bill for divorce as to cruel and inhuman treatment and failure to support and provide for her, which was the basis of the divorce, were untrue; that the defendant was herself in fault and not entitled to divorce; that she was not a suitable person to have the custody of their children. From the action of the Court in dismissing the petition the petitioner has appealed and assigned errors.

The first assignment is that the trial Judge erred in sustaining the motion to dismiss the petition upon the ground that the matter was controlled by statute (Shannon, § 4890).

The contention for defendant in this Court is that a writ of error *coram nobis* is a mode of revising errors and therefore falls within the letter and spirit of the statute above referred to. Chapter 14 of Shannon's compilation is headed "Of the proceeding for the correction of errors."

Wills *v.* Wills.

The first section under this article is § 4834, and is in these words:

"Errors not embraced by the provisions of the Code in regard to amendments may be corrected in one or more of the following modes:

"1. By writ of error *coram nobis.*

"2. By rehearing, review, or new trial.

"3. By certiorari.

"4. By appeal.

"5. By appeal in the nature of a writ of error.

"6. By writ of error."

The next article, being Article 11 under this chapter, treats fully of the writ of error *coram nobis* and the cases in which it may be brought and the manner in which it may be prosecuted. It thus appears to be treated by statute as one of the modes provided for the revising or correcting of errors.

Section 4838 provides that it may lie in the County, Circuit, or Chancery Court, and by § 4839 within one year from the rendition of the judgment. By § 4844 the relief under this writ is confined to errors of fact of which the party seeking relief had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake or fraud, without fault on his part. And by § 4845 instances and examples are given of cases in which the

writ will lie, such as infancy when the judgment was rendered, or a real defense to an action by motion of which the party aggrieved had no notice, and other like cases.

It has been held by this Court that the effect. of § 4890, supra, is to prevent the review of a divorce decree by writ of error. *Parmenter* v. *Parmenter,* 3 Head, 225; *McBee* v. *McBee,* 1 Heis., 561.

Nor can a decree for divorce be opened under the broad provisions of § 6189, Shannon's Code, giving nonresident defendants time after service of copy of decree· to defend against it. *Parmenter* Cold., 545; *McBee* v. *McBee,* 1 ·Heis., 561.

The argument is made with much plausibility and force that a writ of error *coram nobis* is, in effect, a new suit and not a mere proceeding to correct or revise errors; that the object of this proceeding is to amend and set aside a former judgment, and attention is called to the fact that in order to obtain it a petition must be filed, a bond for cost must be entered into, ten days' notice must be given, errors must be assigned, that the judgment is final as relates to the former judgment and suit. *Crawford* v. *Williams,* 1 Swan, 341.

It is spoken of in many of our cases as a new suit (*Crawford* v. *Williams,* 1 Swan, 341; *Elliott* v. *McNairy,* 1 Bax., 343; *Anderson* v.

Wills *v.* Wills.

*Hagge,* 3 Tenn. Cases, 674; Gibson's Suits in Chancery, Sec. 1092, note; Caruthers' History of a Lawsuit, 312 *et seq.*), and it cannot be brought in the Supreme Court. *Lamb* v. *Sneed,* 4 Bax., 349.

When filed in the Chancery Court it is treated as the equivalent of an original bill in the nature of bills of review. Gibson's Suits in Chancery, Sec. 1092; *Leftwick* v. *Hamilton,* 9 Heis., 310.

The fact that in effect it is a new suit, to be tried *de novo* upon the case as made out by the petition and proof thereunder, and not upon the original record, is not conclusive that it is not a mode of correcting errors. All appeals from Justices to the Circuit Court are tried *de novo* in that Court, and still such appeal is clearly a mode of correcting errors, and so with new trials granted in the Court below, and still it is a mode of correcting errors. Nor is it conclusive upon this feature that a petition must be filed and bond given for cost. This is the practice when applying for writ of error to this Court when the object is to correct and revise errors of law in the Court below. So, also, notice must be given in case of writs of error *coram nobis* alike in each, and upon final hearing the adjudication is conclusive in each. The material difference between writs of error and writs of error

*coram nobis* is that the former are for the correction of errors of law committed by the lower Court, and must issue from the superior Court and be tried upon the record as sent up to it, while the latter is for the correction of errors of fact, which necessitates a new record, and is brought and tried in the Court where the original suit was tried. However all this may be, and no matter what the difference in modes of proceeding may be in the different cases, it is manifest that this proceeding is prescribed as one of the modes of revising and correcting errors, and it must fall within the provisions of the statute referred to (Shannon, § 4890).

This does not leave the aggrieved party without remedy. The power and jurisdiction of the Chancery Court to set aside decrees obtained by fraud, even in cases of divorce, has been recognized and enforced in a number of cases involving divorces in foreign Courts. *Gettys .v. Gettys,* 3 Lea, 260; *Chaney* v. *Bryan,* 15 Lea, 589; *Thoms* v. *King.* 11 Pick., 60; *Letowich* v. *Letowich,* 27 Am. Rep., 145; *Hood* v. *State.* 26 Am. Rep., 21; *Sewall* v. *Sewall,* 23 Am. Rep., 299.

Nor do we mean to say that a judgment may not be set aside for fraud under the proceeding for writs of error *coram nobis.* The statute expressly provides that it may, and it does not restrict the remedy to cases pending in the Chan-

Wills *v.* Wills.

cery Court (Shannon, §§ 4838 and 4844), but the provisions of § 4890 make it inapplicable to errors committed in divorce proceedings. In this view of the case, we need not consider the question of the sufficiency of the petition nor whether it is contradicted by the record, as our holding must determine the case in its present aspect.

It is said, however, that even if the judgment for divorce may not be vacated by this proceeding, still it may be reversed so far as it gives alimony and awards the custody of the children. As to the question of alimony, it is not here involved, as the original judgment gives no alimony. As to the custody of the children, we are cited to no authority which sustains the contention made.

The case of *McBee* v. *McBee*, 1 Heis., 561, holds that the statute (§ 4890) does not apply to judgments or decrees for alimony, because there is no necessary connection between divorce and alimony, inasmuch as alimony may be granted when no divorce is decreed, and a divorce may be granted without alimony. Hence, in that case, it was held that a writ of error would lie in cases where questions of alimony were involved, but not where the grounds of divorce alone were attacked.

We think that the custody of the children is so interwoven with and dependent upon the right of divorce that the latter could not be revised and corrected without at the same time inquiring into

Wills *v.* Wills.

and revising and correcting the grounds of divorce themselves. We are of opinion that the provisions of the statute referred to (Shannon, § 4890) are controlling in this case, and the judgment of the Court below is affirmed with costs.