## MRS. BONNIE E. PRINCE v. DAVID H. PRINCE.

Middle Section.    February 20, 1926.

Howard E. Brown, of Dickson, for appellant.
Connor Bates and Logan Beasley, of Centerville, for appellee.

DeWITT, J.  The defendant, David H. Prince, appealed from the judgment of the Circuit Judge, sitting without the intervention of a jury, granting to the appellee an absolute divorce and alimony. The appeal was prosecuted upon his taking the oath in forma pauperis, as allowed by the Circuit Judge. The appellee has moved in this court to dismiss the appeal and strike the cause from the docket for failure to give a bond for costs of appeal, on the ground that the appellant, being a male defendant in a divorce case, cannot

prosecute his appeal upon the oath, but is required to give bond for costs.

This motion is denied. It was evidently based upon the editor's note upon the case of Anderson v. Anderson, 3 Tenn., C. C. A., 430, to the effect that upon reviewing that case by certiorari, the Supreme Court held that the male defendant in a divorce proceeding could not prosecute the appeal on the pauper oath from a decree in favor of the wife. An examination of the memorandum opinion of the Supreme Court in that case discloses the fact that it was restricted to a case in which the male defendant was also a cross-complainant, who had given security for costs of his cross-bill in the chancery court; that he appealed from the decree against him dismissing his cross-bill and sustaining the relief prayed in the original bill. The Supreme Court said:

> "Upon authorities cited, both cross-complainant and the surety on his prosecution bond are liable for all the costs at any time adjudged against cross-complainant, even though the appeal from the Chancellor's decree was taken on the pauper oath. It was improper for the Chancellor to allow an appeal on the pauper oath by Mr. Anderson in this case. Under the statute, he could not have brought a suit for divorce on the pauper oath, nor could he appeal from a decree against him in such a suit on the pauper oath. However, this question was not made by the complainant, either before the Chancellor or the Court of Civil Appeals. Anderson's failure to give a proper bond for appeal is a mere irregularity or informality, which was waived by the complainants taking no steps with regard thereto. This omission of his is not jurisdictional.

> "The Chancellor gave a decree for all the costs of his court, both against Anderson and his surety, on his cross-bill. The surety made no question either in that court or in the Court of Civil Appeals upon this action. No question, therefore, on the costs below, can be made by him here. He is undoubtedly liable for the costs of the appeal under the authorities cited."

We therefore, do not interpret the foregoing language as meaning that a male defendant in a divorce suit could not appeal upon the oath from a decree against him where he had filed no cross-petition. The case is analogous to actions for false imprisonment, malicious prosecution, or slanderous words. These and suits for absolute divorce are excepted from the statutory permission (Shan. Code, Sec. 4928) for residents of this State to commence actions by taking the oath in forma pauperis.

It is well settled that an appeal in forma pauperis is allowable on behalf of a defendant against whom a judgment has been rendered for false imprisonment, malicious prosecution or slanderous words.

Heatherly v. Bridges, 1 Heisk. 220; Hendrickson v. Cartwright, 99 Tenn., 366. Under such rule, it is allowable for a male defendant in a divoirce suit to prosecute an appeal from a decree against him upon taking the oath for poor persons.

Faw, P. J., and Crownover, J., concur.