# MABEL TIMMONS TARVER v. GEORGE W. TARVER.

Middle Section.　May 4, 1929.

Petition for Certiorari denied by Supreme Court, March 15, 1930.

678

George W. Hight and W. C. Cherry, of Nashville, for appellant, Tarver.

Seth M. Walker, William Waller and John J. Hooker, of Nashville, for appellee, Mrs. Tarver.

CROWNOVER, J.  At the outset it is insisted that in the final decree in the chancery court Geo. W. Tarver was granted an appeal upon filing an appeal bond which was not filed but instead he procured a transcript of a portion of the record, omitting all the evidence on the reference to the Clerk and Master, and has filed this partial transcript, together with a pauper's oath for writ of error, which was without authority of law; and it is insisted that the appeal has not been perfected but has been abandoned, and that therefore the writ of error should be dismissed and the decree of the Chancellor affirmed.  In other words, after having been granted an appeal upon condition that he execute bond, he is not authorized under the law to procure a transcript of the record and file it for writ of error on a pauper's oath, and the cases of Anderson v. Anderson, 3 Hig., 430, and Spencer v. Hardin County, 7 Hig., 314 are cited.  After an examination of the question we are of the opinion that this contention is not well made.  We held in the case of Prince v. Prince, from Hickman county, in an opinion rendered by Judge DeWitt at the January Session, 1926, 9 Tenn. App. 359, that a male defendant may appeal on the pauper's oath from a decree of the lower court where he is merely a defendant, and his pleading does not ask for affirmative relief. That case is conclusive of this proposition. See Shannon's Code, sec. 4928, note 22. The defendant, if the facts warranted it, would have been entitled to an appeal on the pauper's oath, but he did not pursue that course and has attempted to bring up the case by writ of error on the pauper's oath.  Of course an

appeal is the only mode of review of a divorce decree, but a writ of error will lie from a decree for alimony. See Shannon's New Code, sec. 4890, note 6; Wills v. Wills, 104 Tenn., 382, 58 S. W., 301; Toncray v. Toncray, 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas. 1912C, 284. The appellate courts in Tennessee have been granting writs of error in cases where the party prayed and was granted an appeal, but failed to perfect his appeal, ever since the decision in the case of Covington v. Neilson, 6 Yerg., 476.

The original bill was filed by Mrs. Mabel Timmons Tarver on October 8, 1926, against Geo. W. Tarver seeking a divorce and alimony on the grounds of abandonment and refusal or neglect to provide for her, and had offered such indignities to her person as to render her condition intolerable and thereby forced her to withdraw, and at the hearing, she amended her bill so as to charge cruel and inhuman treatment. The defendant filed a plea setting up the fact that he had previously obtained a judgment granting a divorce in the circuit court and that they were not then married. Thereupon the complainant Mrs. Tarver filed an amended and supplemental bill, in which she attacked said proceeding in the circuit court wherein a divorce had been granted as fraudulent and void on the ground that she was not a non-resident of the State of Tennessee, and that his alleged grounds for divorce were fraudulent and untrue. She filed copies of his petition, pro confesso and judgment of the circuit court wherein he was granted a divorce, as exhibits to her amended bill. She prayed that the circuit court judgment be declared null and void on the ground of fraud, and asked that the prayer of her original bill be granted.

The defendant Tarver filed another plea to the amended bill in which he insisted, first, that the complainant had a full and adequate remedy at law in the circuit court for the correction of any error claimed in her amended bill, and that there were no equitable grounds upon which to seek the aid of the chancery court in this case; and second, that the proceeding by amended bill to annull and avoid a divorce decree in another court of concurrent jurisdiction was a process unknown to the court.

Mrs. Tarver was permitted to amend her amended and supplemental bill so as to deny the charges alleged in the petition for divorce in the circuit court, to the effect that at the time of the marriage she was and still is naturally impotent and incapable of procreation, and that she had been guilty of cruel and inhuman treatment, as false and untrue.

The defendant's plea was set down for argument, and the court was of the opinion that the plea should be overruled as it was in-

sufficient in law, and that the defendant be required to answer the amended and supplemental bill.

The defendant Tarver then answered relying upon his plea, and insisting that the complainant was a resident of the State of Florida and a non-resident of the State of Tennessee at the time he filed his original petition in the circuit court and obtained the judgment for a divorce, that she had abandoned him when he was sick and had gone to the State of Florida. He denied all the grounds for divorce alleged in her original bill as untrue, and insisted that the allegations of his original petition were true, and denied all fraud either in the allegations of his petition or in obtaining the divorce decree in the circuit court. He answered that he had lost all of his property in bank failures and by gambling in futures, and had nothing out of which she could obtain alimony, and generally denied the allegations of the original and amended bills.

The cause was heard by the Chancellor on depositions and oral testimony, and he was of the opinion that the allegations of the original and amended bills were sustained by the proof; that the complainant Mrs. Tarver was not a resident of the State of Florida but was a resident of the State of Tennessee when the original petition was filed in the circuit court, and at the time the judgment for divorce was entered, and that the grounds alleged in that petition for a divorce were untrue and fraudulent. He further held that the charges in the complainant's original bill as amended were true and granted complainant an absolute divorce on the ground of abandonment, failure and refusal to provide for her, cruel and inhuman treatment, and that the defendant had offered such indignities to her person as to render her condition intolerable and had thereby forced her to withdraw. He further decreed that the evidence did not sufficiently show what assets or property the defendant Tarver owned, and what salary he obtained, and the cause was referred to the Master to take proof and report the amount of property owned by the defendant and also what salary or income he received.

It appears that several depositions were taken on this order of reference, and while the reference was thus pending, the complainant Mrs. Tarver filed petitions against the defendant Tarver and the Fourth and First National Bank, and the First Industrial Bank of Nashville, alleging that the defendant Tarver had placed funds and made deposits in said banks in fictitious names, and asked that garnishment proceedings be served on each bank requiring it to answer fully about the assets of the defendant Tarver held by each of said banks, and obtained an injunction against paying out the funds.

Other depositions were taken on the subject, and each of said banks answered, the Fourth and First National Bank answered that defendant Tarver had deposited $20,000 in the name of Edwin Smith, for which he had received two certificates of deposit drawing four per cent interest, and that later he had claimed to have lost said certificates and asked the bank to issue to him other certificates, claiming that he was the owner of said two certificates, and offered to deposit notes and other certificates of deposit to the amount of more than $20,000, with said bank as collateral security, if the bank would issue new certificates, but the bank after an examination of the collateral offered refused to accept it and issue new certificates. Later another certificate for $500 was issued and delivered to defendant Tarver, the same being for interest accrued on the $20,000, and that the bank owed on said certificates of deposit on July 1, 1928, $21,771.04, and that defendant Tarver owed said bank $639.77 for borrowed money.

The First Industrial Bank answered that it had issued three certificates of deposit in the name of Edwin Smith, aggregating $10,000, and that the same were still outstanding and unpaid.

The Master reported on the reference that the defendant Tarver had an equity worth about $750 in one house and lot in the City of Nashville; that he was the owner of all the certificates of deposit issued by said banks to Edwin Smith, and that in addition thereto he had notes secured for loans aggregating $24,800 which he had shown to the Fourth and First National Bank for the purpose of having that bank issue new certificates of deposit that had been lost, and that therefore the defendant Tarver had assets aggregating more than $56,050.

The defendant excepted to this report, which exceptions were overruled by the Chancellor, who decreed that the complainant Mrs. Tarver should recover $25,000 and the equity in the house and lot as alimony, and $2500 solicitors' fees for the services of her counsel to date, which should be paid out of the deposits held by said banks.

The defendant Tarver excepted to the whole of said decrees and orders, and prayed an appeal to this court, which was granted upon his executing bond as required by law. He did not execute bond but later had the Master make out a transcript of the whole record, including the pleadings, bill of exceptions, exhibits, orders. and decrees, except the evidence heard on the reference, which he filed in this court for writ of error, and has assigned six errors, which are in substance that the Chancellor erred:

 1 & 2. In overruling defendant's plea to the original and amended bill and requiring him to answer, because the divorce judgment in the circuit court could not be attacked by an am-

ended bill, as the judgment for divorce in the circuit court and the question of Mrs. Tarver's citizenship can be raised only by an original bill.

3. In finding against the defendant Tarver as to complainant's Mrs. Tarver's citizenship, as the proof was overwhelming that she was a resident of Florida.

4. In granting her a divorce as her evidence in support of her charges was not corroborated.

5. In overruling defendant's exceptions to the Master's report, as complainant's petitions filed against him and the banks raised new issues and showed that the assets belonging to another person who was not made a party to this suit.

6. · In allowing the amendment to complainant's bill charging cruel and inhuman treatment.

The facts necessary to be stated are that the complainant Mrs. Tarver and defendant Geo. W. Tarver were married in the year 1912 and lived together as man and wife until they separated in 1925. Sometime after they separated Mrs. Tarver removed temporarily to Florida and engaged in the real estate business, and returned to Tennessee in May, 1926.

In January, 1926, the defendant Geo. W. Tarver filed a petition in the circuit court of Davidson county against Mrs. Tarver seeking a divorce on the grounds of cruel and inhuman treatment and natural impotency and inability to procreate, and alleged that Mrs. Tarver was a resident of the State of Florida and a nonresident of the State of Tennessee. Non-resident publication was had and pro confesso was entered, upon which an absolute divorce decree was entered on March 20, 1926.

Mrs. Tarver had no knowledge of the divorce proceedings until she returned to Tennessee, after she had filed the bill for a divorce, and the proceedings were had as hereinabove set out. It is unnecessary for us to review the facts upon which the Chancellor granted her a divorce, as the validity of her divorce decree cannot be questioned on writ of error.

We are of the opinion that none of the assignments of error is well made and that there is no error in the decree of the Chancellor. We are of the opinion that none of the assignments of error, except the fifth, can be raised in this case on writ of error, as, in divorce cases appeal is the only mode of revising errors, Code, 4890; but, as the case may be reviewed by the Supreme Court, we have also passed on each assignment separately, so as to give the parties an opportunity to have reviewed our opinion.

We are of the opinion that the court did not err in overruling the defendant's plea to the original and amended bills. The first part of the plea, that the complainant had an adequate remedy at law

in the circuit court, is not well made because a divorce decree cannot be reviewed by a writ of error coram nobis, but it may, like other judgments and decrees, be attacked by bill in equity on the ground of fraud. See Wills v. Wills, supra; Clemmons v. Haynes, 3 Tenn. Apps., 26.

The second part of the plea that a divorce decree cannot be attacked in an amended bill because it should have been raised by an original bill only, is not well made. If the amended bill was about a distinct and independent matter not connected or germane to the matter raised in the original bill, then it was multifarious because there was a misjoinder of causes of suit, Gibson's Suits in Chancery, 2 Ed., 284; 21 C. J., 413; which defense can be raised only by motion to dismiss or by demurrer, Shannon's Code, sections 6135-6136, 6196 and 6198, and when the party filed a plea, as in this case, he thereby waived the defense of multifariousness. Gibson's Suits in Chancery (2 Ed.), sections 231-232.

However, we are of the opinion that the amended bill was germane to the original bill; that the matters in controversy, though separate, have a common connecting link and are the outgrowth of the same subject matter, and that complainant may maintain a bill to set aside a former judgment granting a divorce for fraud, and then ask for a divorce and alimony, as it is all the same subject matter. See Gibson's Suits in Chancery, 2 Ed., section 935; 10 R. C. L., 430.

The contention that a judgment granting a divorce cannot be attacked by an amended bill, is not well made. A party may attack by an original bill a divorce decree for fraud. Kelley v. Kelley, 4 Hig., 597: Wills v. Wills, supra; Kenner v. Kenner, 139 Tenn.. 218, 201 S. W., 779. Whatever relief one may obtain by an original bill may also be obtained by an amended bill, provided the amended bill is filed in time and the new matter is germane to the original bill or is the outgrowth of the same transaction, and does not violate the rule of repugnancy and is not multifarious. See Gibson's Suits in Chancery, 2 Ed., section 672.

The third assignment to the effect that the court erred in finding against the defendant as to complainant's citizenship because the proof was overwhelming that she was a resident of the State of Florida when the judgment for a divorce was granted in the circuit court, is not well made, as the proof shows that she went to Florida with the expectation of returning in the spring, and she had no intention of relinquishing her domicile in Tennessee. She reserved rooms in her apartment and left her trunks, and defendant Tarver was informed of her intentions to return to Nashville before he filed the petition for a divorce in the circuit court; hence, we think that the finding of the Chancellor on this proposition was correct.

It was earnestly insisted in the supplemental brief that the proof showed that she went to Florida and had been there several months when the petition for a divorce was filed in the circuit court and remained away during the pendency of that suit and until after a decree was entered in March, 1926, and that therefore she was a non-resident within the contemplation of the divorce laws and that one may be a temporary non-resident of this State so as to authorize an attachment of his property, though he is still a citizen of the State of Tennessee. Tigert v. Walker, 2 Hig., 567; Keelin v. Graves, 129 Tenn., 103, 165 S. W. 232. But in reply we will say that the term, non-resident, within the meaning of the attachment laws does not apply to divorce suits, as non-residence within the divorce laws means domicile. See Brown v. Brown, 150 Tenn., 89, 261 S. W., 959.

In order to acquire a domicile it requires both a residence and intention. See 19 C. J., 401, 402; Hascall v. Hafford, 107 Tenn., 354, 65 S. W., 423; Keelin v. Graves, 129 Tenn., 103-112, 165 S. W., 232; Boone v. Boone, 3 Tenn. App., 141. She had no intention of making Florida her home.

The fourth assignment, to the effect that the court erred in granting her a divorce as her evidence in support of her charges in the bill was not corroborated, is not well made, because this question can only be raised by direct appeal and cannot be raised on writ of error. An appeal is the only mode of review of divorce decrees. See Shannon's Code, section 4890; Toncray v. Toncray, 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. N. S., 1106, Ann. Cas. 1912C, 284; Francis v. Francis, 3 Hig., 469. The rule that a divorce should not be granted upon uncorroborated testimony of a complainant is not an inflexible one, but might be varied in a case where it would be impossible to procure corroboration, circumstantial or otherwise. Fulford v. Fulford, 156 Tenn., 640, 4 S. W. (2d), 350. But as above stated this question is not before us and cannot be raised on writ of error.

The fifth assignment, to the effect that the court erred in overruling defendant's exceptions to the Master's report, as the petition raised new issues and showed that the assets belonged to another person, Edwin Smith, who was not made a party to this suit, is not well made. The Master found that Edwin Smith was a fictitious name used by the defendant Tarver and that Tarver was the owner of the assets. The Chancellor concurred in this finding, and the proof on the reference is not brought up, hence there is nothing in this contention.

The sixth assignment, to the effect that the court erred in allowing the amendment to the original bill charging cruel and inhuman treatment, is not well made, because there was no objection at the

time to this amendment and no continuance was asked, hence it is not shown that the defendant suffered by the amendment. The Chancellor not only found that he was guilty of cruel and inhuman treatment, but also granted a divorce on the other grounds alleged in the original bill.

It results that all the assignments of error are overruled and the decree of the Chancellor is in all things affirmed. A decree will be entered accordingly, and the cause will be remanded to the chancery court of Davidson county, Part Two, for the execution of the decree under proper orders of the Chancellor. It is further decreed that the defendant Geo. W. Tarver pay the cost of the cause, including the cost of the appeal, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.