MALCON EUDEAN MOORE, Appellant,

*v.*

FRANCES AMALENE MOORE, Appellee.

431 S.W.2d 554

(*Nashville,* December Term, 1967)

Opinion filed September 3, 1968.

Joe P. Binkley and William J. Harbison, Nashville, for appellant.

John W. Kelley, Jr., Nashville, for appellee.

Mr. Justice Humphreys delivered the opinion of the Court.

Frances Amalene Moore was granted an absolute divorce from Malcon Eudean Moore on grounds of cruel and inhuman treatment. She was also awarded custody of their only child, child support and alimony. Within thirty days of the entry of the final decree, Malcon Eudean Moore filed a petition in the cause to vacate the decree on the ground he had a good defense to the suit, condonation, but had been prevented from making this defense by fraud on Mrs. Moore's part.

Under *Wills v. Wills*, 104 Tenn. 382, 58 S.W. 301 (1900), the trial judge could not treat the petition as an action for the writ of error coram nobis, and under *Murrell v. Murrell*, 45 Tenn.App. 309, 323 S.W.2d 15 (1958), he could not exercise equitable jurisdiction and act on the petition as a bill in equity to void the decree for fraud. So the petition was dismissed on demurrer. Petitioner has appealed assigning error.

In *Murrell v. Murrell*, supra, it was held that although a divorce action in a law court is equitable in nature, a suit to void a divorce decree for fraud is a new and different suit of which only chancery court has jurisdiction. In *Wills* it was held a coram nobis action could not be brought for this purpose. Since the coram nobis action is a law action, we should consider whether it is available in this case.

The action for writ of error coram nobis though of common law origin exists in Tennessee by virtue of T.C.A. sec. 27-701 et seq. Sec. 27-701 provides that any person aggrieved by the judgment of the county, circuit, chancery or special court, by reason of a material error fact, may have the judgment reviewed for the purpose of having it vacated by the court pronouncing it.

█ A suit for writ of error coram nobis is a new action to vacate and annul a judgment. *Crawford v. Williams*, 31 Tenn. 341 (1851), *Elliott v. McNairy & Co.*, 60 Tenn. 342 (1872). It is not an action to review a judgment, but to vacate it. Our cases say that the final order in such a case is not a reversal by the trial judge of his own judgment. *Crawford v. Williams*, supra; *Bigham v. Brewer*, 36 Tenn. 432 (1857) ; *Dunnivant & Co. v. Miller*, 60 Tenn. 227 (1872) ; *Mahalovitch v. Vaughn*, 60 Tenn.

325 (1872); *Jones & Co. v. Pearce, Park & Co.*, 59 Tenn. 281 (1873).

T.C.A. sec. 27-702 expressly authorizes this action to vacate a judgment where a defendant has been prevented from making a defense in the case in which the judgment was pronounced by surprise, accident, mistake, or fraud, without fault on his part.

In *Wills* it was held the action is not available to review a judgment in a divorce suit, because under T.C.A. sec. 36-830, an appeal shall be the only mode of reviewing errors.[1]

It is evident from reading the statute that it was applied in *Wills* contrary to its purpose and intent. That it has no application to a separate action for writ of error coram nobis to void a decree. By its express terms, it deals only with the method of "reviewing errors"; which means in an appellate court. Its evident purpose was to provide for the broad appellate court review available on an appeal, as opposed to an appeal in error; and to prevent review by writ of error, which would leave the divorce decree in an unsettled state for as long as two years.

■ As we have said, the purpose of the coram nobis action is to vacate a judgment on new and different grounds from those on which the case was tried. It is not based on errors committed at the trial. And so the action is not in any sense brought to "review errors."

■■ The action is, of course, the counterpart in law of the suit in equity to void a judgment for fraud. So,

---

[1] "T.C.A. sec. 36-830. Appeal.—In divorce cases, an appeal shall be the only mode of reviewing errors."

since T.C.A. sec. 36-830 does not prevent a suit in chancery to void a divorce decree it should logically follow that it does not prevent a suit at law, authorized by T.C.A. sec. 27-701 et seq. for the same purpose.

Moreover, there is no sound policy to be served in construing and applying the divorce appeal provision (contrary to the language of the statute) so as to prevent a coram nobis action in a divorce case in a law court. A coram nobis action must be brought in one year, T.C.A. sec. 27-703. While a suit in equity to vacate or set aside a judgment for fraud may be brought any time, subject to the discretion of the chancellor. It is evident, upon a fair consideration, that the hazard of having final divorce decrees left in an unsettled or uncertain state is not as great under the coram nobis action as under the equity practice.

On top of all this, the ends of efficient judicial administration are served by permitting the action. It is more economical of the time and expense of litigants and courts to have the action brought in the law court where the judgment under attack was pronounced, where all of the records in the case are on file and can be used without expense of certification, and where the judge is familiar with the suit, than in another court where neither of these conditions exists.

Accordingly, *Wills* is overruled to the extent of our indicated disagreement therewith, and the case is remanded for further proceedings, treating the proceeding as a coram nobis action.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.