**Virginia Rankin SCHAEFFER, Appellee,**

v.

**Charles Frederick SCHAEFFER, Jr., Appellant.**

Supreme Court of Tennessee.

June 5, 1972.

Thomas O. H. Smith, Jr., Nashville, for appellant.

Richard A. Jones, Nashville, for appellee.

## OPINION

DYER, Chief Justice.

The appellee, Virginia Rankin Schaeffer, filed a petition for absolute divorce against appellant, Charles Frederick Schaeffer, Jr., on August 24, 1970. Personal service of process, including a copy of the petition for absolute divorce, was served upon the appellant on August 28, 1970.

A decree pro confesso having been taken, a final decree was granted January 12, 1971, awarding an absolute divorce, custody of the four minor children of the parties, alimony in the amount of $150.00 per month, and child support in the amount of $581.21 per month. The decree further divested the appellant of all household fixtures, furnishings and appliances, and awarded appellee a one-half interest in a parcel of unimproved real property adjoining the family home. Appellee's attorney's fee was set at $3,500.00.

Within thirty days following entry of the final decree, the appellant filed a petition to set aside the decree pro confesso and tendered an answer. The appellee demurred to the petition, contending that a writ of error coram nobis was the only proper means of attacking the decree.

Upon a hearing and briefs of counsel the trial judge sustained appellee's demurrer. Appellant took exception to same and has

now appealed to this Court, making one assignment of error:

The trial court erred in sustaining a demurrer filed to appellant's petition to set aside decree, when said petition was duly filed within thirty days of the decree pro confesso and within the term.

The first issue for consideration is whether a petition to vacate a decree pro confesso filed within thirty days of a final decree is a proper method of attacking a divorce decree.

The appellant relies upon Bauer v. Bauer, 184 Tenn. 217, 197 S.W.2d 892 (1946), as authority in support of his contention that a petition to vacate a decree pro confesso is a proper method of attacking a divorce decree.

The appellee earnestly argues that Bauer v. Bauer, supra, has been overruled by Moore v. Moore, 222 Tenn. 1, 431 S.W.2d 754 (1968). In the *Moore* case, Justice Humphreys, speaking for the Court, specifically overruled Wills v. Wills, 104 Tenn. 382, 58 S.W. 301 (1900), in holding a coram nobis action may be brought for the purpose of vacating a divorce decree on the ground the defendnat's good defense to the suit had been prevented by fraud of the plaintiff.

The effect of the *Moore* case was to allow a coram nobis action in a divorce case in a law court in that its counterpart exists in equity to void a judgment for fraud. The tenor of this opinion is that a coram nobis action is at least one of the proper methods available for the purpose of vacating a divorce decree. Moore v. Moore, *supra,* does not overrule Bauer v. Bauer, *supra.*

 In the instant case the petition and answer filed by the appellant while weakly alluding to fraud on the part of the appellee, based its prayer primarily on his own negligence in not approaching the serious consequences of the divorce proceedings. Appellant's allegations are insufficient to justify a remand of this case.

 If the appellant's alternative contention that this petition be treated as a writ of error coram nobis, such would not satisfy the statutory prerequisites.

In order to sustain a petition for writ of error coram nobis the petitioner must be free of fault. The appellant, by admission, was negligent and as aptly stated in appellee's brief, "he sat on his rights."

The judgment of the trial judge is affirmed.

CRESON, HUMPHREYS, McCANLESS, JJ., and MILES, Special Judge, concur.