WINTERS *v.* HAINER.

*(Jackson.* June 18, 1901.)

1. ADVERSE POSSESSION. *Bars action for land, when.*

Adverse possession for seven years of a portion of a tract of land held under a certificate of tax sale describing the whole tract, accompanied by claim of the whole tract, defeats an action of ejectment against the possessor for any part of the tract.

2. EJECTMENT. *Plaintiff's title.*

The plaintiff cannot recover in ejectment unless he can show a perfect title.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. F. H. HEISKEILL, Ch.

W. H. CARROLL for Winters, guardian.

W. B. GLISSON and H. F. DIX for Hainer.

WILKES, J. This is an action of ejectment, to recover a tract of about seventy acres of land. Complainants claim as the heirs and devisees of Daniel Hughes, and attempt to deraign their title from him. Defendants claim through B. L. Sloup, and deraign title from him, and also set up adverse possession for more than seven years. It appears

23 P—22

that the property was sold for taxes on July 10, 1884, and was bought by B. L. Sloup. It was sold as the property of P. Sherry's estate. A certificate of sale was executed September 3, 1884, but was not recorded until November 20, 1893. This certificate gives the boundaries of the land. It is shown by the proof that the purchaser (Sloup) went into possession at once, and remained in possession until he died, in 1885 or 1886. During his lifetime he inclosed nearly all of it, and the balance was inclosed soon after his death by his widow, who inherited the land from him, he never having had any children or heir at law. She has been in the actual adverse possession of the land ever since the bill was brought, December 1, 1893. The tax certificate under which B. L. Sloup went into possession is color of title, with boundaries defined, and the actual inclosure and adverse possession of the greater part of the land is shown, and the defendants are entitled to hold, not only to the extent of their holding under actual inclosure, but have title to the extent of the boundaries set out in the color of title, as against all persons not under disability. It appears, however, that a portion at least of complainants were minors when the adverse possession began, and are minors still, and as to them the bar would not apply. But we do not find that complainants can deraign a perfect title, and they must recover, if at all, upon the strength of their title.

Winters *v.* Hainer.

It appears that Daniel Hughes claimed some land under tax title sale made in 1856. The land embraced in that title is not identified as the land now in controversy. Indeed, the land is there described as lying in the fifth civil district of Shelby County, whereas the land in controversy lies in the fifteenth civil district. The boundaries as there given are not shown to embrace the land in controversy. We are not able to connect the tax title with that of Frayzer.

The title as made out by complainant is not in other respects a perfect title, such as will support this action, and the decree of the Court below is affirmed, with costs.