## HORACE THARPE v. E. M. McAULEY.

Western Section. June 4, 1926.

No petition for Certiorari was filed.

1. **Limitation of actions. Action to recover any interest in real estate is barred after seven years.**
   Under Section 4458, of Shannon's Code, any action to recover any interest in real estate is barred in seven years after the right of action accrues.

2. **Ejectment. Plaintiff must show a perfect title to maintain ejectment.**
   A plaintiff cannot recover in an ejectment suit unless he shows a perfect title in himself.

3. **Ejectment. Evidence held insufficient to maintain ejectment.**
   Where the evidence showed that the defendant had been in actual possession of the land for more than seven years, claiming the same under a deed, held that he had acquired title by limitations and ejectment would not lie to oust him.

Appeal from Chancery Court of Benton County; Hon. Tom. C. Rye, Chancellor.

Affirmed.

C. N. Frazier, of Camden, for appellant.

S. L. Peeler, of Camden, for appellee.

OWEN, J. The complainant has appealed from a decree of the chancery court of Benton county dismissing his bill. The bill sought to recover a tract of land near Camden, Tennessee, in Benton county. The action is in ejectment. The bill was filed on the 15th day of April, 1922. Complainant claimed title to about six acres of land, which is described. The defendant denied complainant was entitled to any relief, and made the following special defenses: First: The complainant was seeking to recover land not included in his title papers; second, because he had sold and conveyed to the defendant the land complainant sought to recover, and he had made such sale by warranty deed on the 30th day of September, 1907; that a deed had been acknowledged before the county court clerk of Benton county on October 26, 1907, and duly registered in the office of the Register of Benton county on the 25th day of November, 1907, and that the defendant had been in open, notorious and adverse possession of the land complainant sought to recover for more than seven years prior to the filing of complainant's bill and that complainant's action was barred by the statute of limitation.

The chancellor decreed that complainant was barred by the statute of limitations, and dismissed complainant's bill. Complainant

excepted, prayed and was granted an appeal to this court, perfected the same and has assigned errors to the action of the court in dismissing complainant's bill.

The facts, briefly stated, are as follows: In September, 1907, the complainant who is a colored man, living near the town of Camden, in Benton county, sold and conveyed a tract of land to the defendant. The defendant is a physician. It appears that the defendant had sold about seventy acres of land, the land in dispute being a part of said seventy acres, some two or three years prior to 1907, to a colored man by the name of Alex McAuley, and Alex McAuley had conveyed the tract of seventy acres to the complainant. Alex McAuley had not paid the defendant all of the consideration for the seventy acres and the complainant assumed the unpaid consideration due defendant. It appears that the land was of small value, something like $5 per acre, in 1907, and in order to make a payment to defendant to the amount of $50, the complainant conveyed by deed a certain portion of the seventy acres of land described as follows:

"Lying and being in the Fifth Civil District of Benton county, and being a part of a tract of land we purchased from Alex McAuley, and the place on which we now live, and beginning at a redoak in Dr. Bradley's line on the north side of a hollow, and runs down the hollow in an eastern direction at the foot of the hill on the north side of the hollow to Harris McAuley's west boundary line, about forty-four and one-half poles; thence south with said Harris McAuley's line to the Orton Ferry road; thence East with said road to a stake in said road and at Dr. Bradley's line; thence North with said Bradley's line to the beginning, containing by estimation eight and three-fourths acres, more or less."

It is conceded that the call "East to Dr. Bradley's line" is an error that the draftsman committed and it should have been "West to Dr. Bradley's line" as his land lies west of Harris McAuley's land.

Soon after this deed was executed by the complainant and his wife the defendant proceeded to place a fence along the hollow which was defendant's north line, and enclosed the tract conveyed by complainant to the defendant, and has held the same in adverse, open and notorious possession ever since. It is shown by actual survey that within these boundaries there are fourteen and one-tenth acres, but it was understood that the hollow was the north line and the north line is stated in the deed to be about forty and one-half poles. It is shown by actual survey that this line is forty-two poles in length. The lines call for designated objects—for Harris McAuley's line on the east; the public road on the south; Dr. Bradley's line on the West and the hollow on the north.

After making his conveyance to the defendant, complainant sold twenty-eight acres of land out of the seventy acres purchased from Alex McAuley to Mrs. Ella Harper.

The tract sold to Mrs. Harper lies north of the tract sold to the defendant.

We are of opinion that there is no error in the decree of the chancellor for the reason that complainant's cause of action is barred by the statute of limitation. Section 4458 of Shannon's Code provides as follows:

"Suit must be brought within seven years. No person, or any one claiming under him, shall have any action, either at law or in equity, for any lands, tenements, or hereditaments, but within seven years after the right of action has accrued."

In the case of Winters v. Hainer, 107 Tenn., 337, it was held that adverse possession for seven years of a portion of a tract of land held under a certificate of tax sale, describing the whole tract, accompanied by claim of the whole tract, defeats an action of ejectment against the possessor for any part of the tract. A plaintiff cannot recover in ejectment suit unless he show a perfect title. The complainant conveyed all the land by warranty deed to the defendant more than fourteen years prior to the filing of his bill.

It results that the assignments of error are overruled and disallowed and the decree of the chancellor is in all things affirmed. The complainant will pay the cost of the appeal, for which execution will be awarded, it appearing that appeal was granted on complainant executing the oath for poor persons.

Heiskell and Senter, JJ., concur.