FULLER *et al. v.* FULLER.

(*Knoxville*, September Term, 1932.)

Opinion filed October 22, 1932.[1]

W. POLK WRIGHT, of Rockwood, for petitioners.

J. RALPH TEDDER, of Rockwood, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

In September, 1930, Mary D. Fuller was granted an absolute divorce from the defendant Robert C. Fuller.

[1] Designated for publication on December 16, 1935.

She was also awarded exclusive custody of their child Margaret. No provision was made in the decree for alimony or for the support and maintenance of the child. The case was not retained on the docket of the court for any purpose. The proceeding ended with the final decree. This petition was filed February 4, 1932, by Mary D. Fuller, suing on behalf of the child. In her petition she asked the court to award a decree in her behalf against the divorced husband for $120, money that she had expended for the child, and, by further prayer, for a peremptory order directing the divorced husband to pay into the office of the clerk a sufficient sum each month to support the child during minority, and for all such orders as are necessary to compel such payments.

The petition was demurred to. At the hearing on demurrer, the petitioner dismissed so much of her petition as sought a personal judgment against the divorced husband. At a hearing upon the demurrer, the trial judge dismissed the petition in its entirety upon the ground that, while the husband is liable for the maintenance and support of his child, such liability cannot be fixed by an independent proceeding such as the petitioner seeks to maintain.

We are of the opinion that *Cunningham* v. *Cunningham*, 120 Tex., 491, 40 S. W. (2d), 46, 75 A. L. R., 1305, sustains the conclusion of the circuit judge. It was there held, in substance, that, in the absence of a statute empowering courts to decree and compel the payment of allowances for the support of defendant minors whose custody was awarded to the mother in divorce proceedings, neither the mother nor the child may maintain an independent suit against the father. See *Cunningham* v.

*Cunningham*, 120 Tex., 491, 40 S. W. (2d), 46, 75 A. L. R., 1305.

Counsel for plaintiff in error admits, on page 7 of his brief, that the weight of authority is contrary to the contention of petitioner, but insists that, unless this proceeding can be maintained no remedy either at law or equity could be afforded. He therefore insists that this proceeding should be sustained and the order made so as to charge the father with contempt of court for failure to satisfy such sum as the court may find necessary for the child's support. We do not agree to this contention. Such a proceeding would become oppressive, by administrative abuse of the rule.

The judgment of the circuit court is affirmed.