## Baker *v.* Baker.

### (*Nashville,* December Term, 1935.)

Opinion filed December 16, 1935.

Olen Henderson, of Knoxville, for complainant, appellee.

GEORGE S. CHILD, of Knoxville, for defendant, appellant.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

The complainant, an infant 14 years of age, suing through her mother as next friend, seeks a decree against her father, the defendant, for the future support of the minor.

The bill alleges that complainant's father and mother have been divorced; that in the divorce decree complainant's custody was awarded to her father, the defendant, in 1929. This custody was later changed by a decree of the domestic relations court of Knox county, so as to award the care and custody of complainant to her mother.

The bill charges that the defendant is employed by the Tennessee Valley Authority, and that he is able to furnish support to the complainant, but that he has failed and refused to do so, and has left complainant destitute. She further charges that the merchants of the community think that the Tennessee Valley Authority is immune from garnishment, and for this reason she was unable to pledge defendant's credit for the necessities of life.

The prayer of the bill is that defendant be required to pay into court $40 monthly, until complainant has reached her majority; such fund to be used to provide complainant with the necessaries.

Defendant demurred to the bill on the ground that the relief sought is not authorized by the common law or any statute of this state, and that a cause of action is not stated in the bill. The trial court overruled the demurrer, and, in his discretion, allowed an appeal from

that order. The chancellor's action on the demurrer is assigned as error.

In *Fuller* v. *Fuller*, 169 Tenn., 583, 89 S. W. (2d), 762, an opinion of this court by Mr. Justice Cook, in 1932, it was held that the form of action here presented could not be maintained; citing *Cunningham* v. *Cunningham*, 120 Tex., 491, 40 S. W. (2d), 46, 75 A. L. R., 1305. It is earnestly insisted that the ruling there made is erroneous, and should be overruled.

In treating the subject of actions between parent and child, 46 Corpus Juris, 1324, states the rule as follows:

"A child may recover on the parent's contract to pay him for services to, or support of, the parent. So a minor child has an undoubted right to maintain an action against the parent in respect of the latter's dealing with the child's property. But it has been held that actions by children against their parents are not to be encouraged, unless to redress clear and palpable injustice; and, in the absence of statute, a minor child has no right of action against the parent to compel performance of the latter's duty in respect of maintenance and education, or to recover damages for torts."

This court has held that a child cannot recover, in an action against a parent for personal injuries suffered in the infliction of corporal punishment upon the child. *McKelvey* v. *McKelvey*, 111 Tenn., 388, 77 S. W., 664, 64 L. R. A., 991, 102 Am. St. Rep., 787, 1 Ann. Cas., 130.

The author of Ruling Case Law, in dealing with the question of the liability of the father for his child's necessaries, says: "The civil remedy is more commonly worked out by holding that, if the father leaves his children destitute, he confers on anyone who finds them in

that condition an agency to supply them with necessaries; the volunteer can therefore recover the cost of the supplies from the father in a civil action." 20 R. C. L., 624.

In *Rawlings* v. *Rawlings*, 121 Miss., 140, 83 So., 146, 7 A. L. R., 1259, a Mississippi case, it is held that an infant cannot maintain a bill in equity against his father to determine in advance the amount of support and maintenance to which the child is entitled, and cannot secure an order requiring the father to furnish it. The case carries a very strong dissenting opinion by Mr. Justice ETHRIDGE, in which the reasons supporting a contrary view are stated with much force.

In *Yarborough* v. *Yarborough*, 290 U. S., 202, 54 S. Ct., 181, 184, 78 L. Ed., 269, 90 A. L. R., 924, the court says: "But the obligation imposed by the Georgia law upon the father to support his minor child does not vest in the child a property right. This is shown by the fact, among other things, that the minor cannot maintain in his own name, or by guardian *ad litem* or by next friend, a suit against his father to enforce the obligation."

The courts of this state recognize the legal liability of the father for the support of his infant children, after divorce and an award of the custody of the children to the mother. *Evans* v. *Evans*, 125 Tenn., 112, 140 S. W., 745, Ann. Cas., 1913C, 294; *Brooks* v. *Brooks*, 166 Tenn., 255, 61 S. W. (2d) 654. There is no tendency upon the part of the court to modify or relax this rule. We recognize the father's liability for such support, as a legal liability, not a mere moral one. The method or procedure by which such liability may be enforced has been pointed out by the authorities and former decisions

of this court. That method is by suit against the father, for reimbursement on behalf of the person who has furnished such necessaries, upon a breach of the father's obligation to so furnish them. The divorce decree, in which the child has an interest, may impose such obligation. Code, section 8446. To this right and protection which the infant child has, the Legislature has added the burden of a criminal offense; punishable as such, in case the person chargeable with the care of a child under 16 years of age, willfully and without good cause, neglects or fails to provide for such child according to his means. Code, section 11379. There is no statute of this state conferring jurisdiction upon the courts to reach out into the future and lay a burden upon the father, by decree of the court, for the future support and provision of a minor child in an independent action for the child's benefit. Such right of action in favor of a minor child did not exist at common law. No good reason appears why a court of equity should attempt to exercise such power or jurisdiction. The courts of the state have extended ample and adequate provision for and protection to infants, and we are not willing to adopt a rule that a child can sue the father and obtain a decree for future support. We adhere to the rule announced in *Fuller* v. *Fuller*.

The demurrer is sustained and the bill is dismissed, at the cost of Emma Baker, complainant's next friend.