Cartwright *et al. v.* Juvenile Court at Nashville *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed March 7, 1938.

JAY G. STEPHENSON, EDWIN E. CARLSON. and JOE MORSE, JR., all of Nashville, for plaintiffs in error.

NEWMAN BRANDON, JR., of Nashville, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is an appeal from the judgment of the circuit court overruling a demurrer and affirming the judgment of the Juvenile Court at Nashville directing Marcus Cartwright and his guardian, the Broadway National Bank, to pay $20 per month for the support of Cartwright's infant child. The only question presented on this appeal is whether the Juvenile Court had jurisdiction to render the judgment or order entered by it.

Unless a child has been adjudged neglected, delinquent, or dependent, the courts of Tennessee are without authority, in an independent proceeding, to make an order requiring a father to provide periodical payments for the support and maintenance of his child. This is so unless the father be of unsound mind. See Code, section 9652. While the father is liable for the support of his child, the ordinary method of enforcing this liability is by suit against the father for reimbursement on behalf of the person who has furnished necessities to the child. *Fuller* v. *Fuller,* 169 Tenn., 586, 89 S. W. (2d), 762; *Baker* v. *Baker,* 169 Tenn., 589, 89 S. W. (2d), 763.

When, however, a child has been found neglected, delinquent, or dependent in the Juvenile Court, section 10306 of the Code contains this provision:

"In any case in which the court shall find a child neglected, dependent, or delinquent, it may in the same or subsequent proceeding, upon the parents of such child or either of them being duly summoned or voluntarily appearing, proceed to inquire into the ability of such parent or parents to support the child or contribute to its support, and if the court shall find such parent or parents able to support the child or contribute thereto, the court may enter such order or decree as shall be according to equity in the premises, and may enforce the same by execution or in any way in which a court of equity may enforce its orders and decrees, and no property of such parents, or either of them, shall be exempt from levy and sale under such execution or other process issued from said court."

It will be observed that the Juvenile Court may enforce an order of this nature against the father "by execution or in any way in which a court of equity may enforce its orders and decrees."

The defendant Marcus Cartwright was formally adjudged to be of unsound mind and a guardian appointed for his estate prior to this proceeding begun in the Juvenile Court.

■■ There is no exception in section 10306 of the Code, above quoted, of parents of unsound mind from amenability to its provision. It is true that a Juvenile Court is one of limited and special jurisdiction. Within its jurisdiction, however, its powers are full. We do not think that the lunacy of a father can deprive the Juvenile Court of its statutory authority to secure out of

630

the father's estate the support of a child found neglected, delinquent, or dependent.

An insane person has the legal capacity to sue and be sued the same as a sane person. *Rankin* v. *Warner*, 70 Tenn. (2 Lea), 302. Such is the general rule. See cases collected in a Note, 130 Am. St. Rep., 842. Decree based upon judgment *pro confesso*, however, cannot be taken against a person of unsound mind. Code, sections 10452, 10453. At common law and under our statute (Code, section 7195), an insane person is liable for necessities. *McNairy County* v. *McCoin*, 101 Tenn., 74, 76, 45 S. W., 1070, 41 L. R. A., 862. Such person is also liable for necessities furnished members of his family whom he is under legal obligation to support. 14 R. C. L., 578; 32 C. J., 740.

Apart from the Juvenile Court statute, any court with jurisdiction of the parties and subject-matter can entertain a suit for necessities furnished to an insane person. The statute mentioned, as stated above, makes no distinction between an insane father and a sane father. We think the Juvenile Court can enter a judgment against either for the support of a neglected, dependent, or delinquent child.

The guardian makes the point that the chancery court and the county court are the only courts having jurisdiction of persons and estate of lunatics. In the case before us there is under review only a judgment against the lunatic and his guardian. Pending appeal naturally there has been no effort to enforce this judgment by execution or otherwise.

We think for the reasons stated the Juvenile Court had jurisdiction to render the judgment before us. If the guardian is willing to comply with this judgment,

the judgment will protect it in making payments in observance thereof. If the guardian should decline to recognize the judgment and it becomes necessary to resort to procedure *in invitum,* the question of the proper court to enforce the judgment will then arise.

Affirmed.