ATKINSON v. ATKINSON et al.—130 S. W. (2d), 157.

Middle Section.    March 11, 1939.

Petition for Certiorari denied by Supreme Court, July 1, 1939.

W. A. Garrett, of Jamestown, for appellant Bertha Atkinson.
Robert F. Turner, of Jamestown, for appellee W. B. Atkinson.

CROWNOVER, J.  This is an ejectment suit.

The complainant, W. B. Atkinson, alleges in his original bill that he is the owner of a tract of land of 70 acres in Fentress County; that the defendants unlawfully detain from him 5 acres of said land; and he asks that title and right to possession of said tract of 5 acres be decreed to him and that he be put in possession thereof.

The defendant John W. Atkinson lives in Campbell County.  He acknowledged service of process, but filed no answer or pleading, and pro confesso was entered against him.

Mrs. Bertha Atkinson, divorced wife of John W. Atkinson, filed her answer denying that W. B. Atkinson was the owner of said 5 acre

tract, and claiming the same herself, without setting out her source of title.

The further allegations of her answer and her cross-bill, seeking a recovery against John W. Atkinson, were stricken by the Chancellor on the complainant's demurrer and motion to strike on the ground of impertinence, multifariousness and misjoinder, to which action the defendant Mrs. Bertha Atkinson excepted.

The cause was heard by the Chancellor on oral evidence by consent.

The complainant, W. B. Atkinson, offered no evidence to title in himself other than that he had executed and delivered to John W. Atkinson a deed conveying the property (it appears that the tract contained 12¼ acres) to him; that the deed had not been recorded; and that John W. Atkinson had redelivered the deed to him, but he did not execute any reconveyance to him; that John W. Atkinson had obtained a divorce from Mrs. Bertha Atkinson, and since the divorce Mrs. Bertha Atkinson had occupied this tract of land. No adjudication was made in the divorce decree about the title to the land.

The defendant Mrs. Bertha Atkinson showed no title in herself, but relied upon the failure of the complainant to show title in himself.

The Chancellor decreed that the complainant, W. B. Atkinson, was the owner in fee and entitled to the immediate possession of the land, and awarded writ of possession.

The defendant Mrs. Bertha Atkinson's motions for a new trial and in arrest of judgment were overruled by the Chancellor, to which she excepted, and appealed to this Court, and has assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in holding and decreeing that the complainant, W. B. Atkinson, had established legal title to said land.

(2) The Chancellor erred in sustaining the complainant's demurrer and motion to strike.

W. B. Atkinson testified that he was the owner of a 70-acre tract of land which included the tract involved in this suit; that he sold the 12¼ acre tract to John W. Atkinson prior to February 1, 1937, who went into possession of the same and built a house on the land; that on February 1, 1937, he executed a deed conveying the 12¼ acres and delivered the same to John W. Atkinson, which deed was never recorded, but was retained in John W. Atkinson's possession; that John W. Atkinson and wife, Mrs. Bertha Atkinson, were later divorced, and she and her children remained upon the land; that John W. Atkinson, several months prior to this suit, instituted unlawful detainer proceedings against Mrs. Bertha Atkinson, which action was dismissed by the justice of the peace; that John W. Atkinson still owed him $50 on the purchase price of the land and surrendered the unrecorded deed to him.

He filed a copy of the deed, which showed that the consideration was $250 cash, the receipt of which was acknowledged, and a note for $56.25. The note was not filed.

Mrs. Bertha Atkinson testified that she and John ·W. Atkinson were divorced and she has since lived upon this property with their minor children; that three or four months before this suit John W. Atkinson instituted unlawful detainer proceedings against her, introducing at the trial this unregistered deed; that the action was dismissed by the magistrate; that a short time afterwards W. B. Atkinson instituted unlawful detainer proceedings against her, introducing the same deed, which action was dismissed; that John W. Atkinson told her he had paid in full for the land.

Other witnesses testified that John W. Atkinson had told them he had paid for the land.

■ The appellee, W. B. Atkinson, in this Court filed a motion to strike the appellant's assignments of errors on the grounds that they are too general and do not comply with Rule 11, subsection 2, of the Rules of this Court. This motion is overruled. While counsel did not strictly comply with the rules of our Court, the assignments of errors are accompanied by a statement of the case, brief, and argument, which supply any deficiencies of the assignments of errors. Tennessee Procedure by Higgins & Crownover, sec. 1989.

■ 1. The defendant's first assignment of error must be sustained, as the evidence shows that the complainant has no legal title to the property involved. The testimony of the complainant himself shows that his claim to have the legal title to said land depends upon this unrecorded deed which he testifies was surrendered or redelivered to him by John W. Atkinson.

■ Even if the deed had been surrendered in good faith by John W. Atkinson to W. B. Atkinson, the redelivery or surrender of it would not revest W. B. Atkinson with the legal title. Morgan v. Elam, 12 Tenn. (4 Yerg.), 375; Howard v. Huffman, 40 Tenn. (3 Head), 562, 563, 75 Am. Dec., 783; 18 C. J., 406, 407.

"By the execution and delivery of a deed, the title passes, and the returning of it to the vendor, whatever may be the intention of the parties, will not revest the title in him. A re-conveyance is indispensable." Howard v. Huffman, 40 Tenn. (3 Head.), 562, 75 Am. Dec. ·783; Page v. Meath, 3 Shan. Cas., 717, 720.

■ In an ejectment suit the complainant must show that he has the legal title to the property in order to recover. Gibson's Suits in Chancery (4 Ed.), sec. 1047; Code, sec. 9118; Demarcus v. Campbell, 17 Tenn. App., 56, 65 S. W. (2d), 876; Hubbard v. Godfrey, 100 Tenn., 150, 159, 47 S. W., 81; Campbell v. Campbell, 40 Tenn. (3 Head), 325, 326; Langford v. Love, 35 Tenn. (3 Sneed), 308, 311; King v. Coleman, 98 Tenn., 561, 570, 40 S. W., 1082.

■ He may establish his legal title by deraigning title from the

State, or by seven years' adverse possession under a registered color of title, where the land had been granted by the State of Tennessee, or by prescription (twenty years' actual adverse possession) when a legal title will be presumed, or by deraigning title to a common source. Scruggs v. Baugh, 3 Tenn. App., 256; Cannon v. Phillips, 34 Tenn. (2 Sneed), 211; Keel v. Sutton, 142 Tenn., 341, 219 S. W., 351.

In ejectment the plaintiff cannot recover, even against a naked trespasser, without proof of a perfect title. Hubbard v. Godfrey, 100 Tenn., 150, 47 S. W., 81.

If the defendant had no claim whatever but that of mere possession, he would still be required to produce the legal title before he could have her ejected. King v. Coleman, 98 Tenn., 561, 570, 40 S. W., 1082.

He must rely on the strength of his own title and not on the weakness of his adversary's title. Winters v. Hainer, 107 Tenn., 337, 64 S. W., 44; Walker v. Fox, 85 Tenn., 154, 2 S. W., 98; Evans v. Belmont Land Company, 92 Tenn., 348, 21 S. W., 670.

In Hubbard v. Godfrey, 100 Tenn., 150, 47 S. W., 81, 84, the Court said:

"The fact that defendant is a trespasser is of no consequence to complainants, since they have shown no legal title, and the law presumes that defendant is holding for the true owner, and his possession is therefore lawful againt all persons who do not hold the legal title."

The complainant, by his own testimony, has no legal title to this tract of land which is occupied by the defendant Mrs. Bertha Atkinson.

It is contended for the complainant that John W. Atkinson, having surrendered the deed, is estopped to assert title under the same. There are circumstances under which he would be estopped (Howard v. Huffman, 40 Tenn. (3 Head.), 562, 564, 75 Am. Dec., 783; Huffman v. Huffman, 69 Tenn. (1 Lea), 491), but it is not shown that the defendant Mrs. Bertha Atkinson is claiming title from John W. Atkinson, therefore she is not estopped. She is merely relying on the complainant's failure to establish his title. It is therefore immaterial that the complainant has taken a pro confesso decree against John W. Atkinson, as that cannot affect her rights.

2. The Chancellor was not in error in striking Mrs. Atkinson's cross-bill and a part of her answer, because the matters pleaded had no connection with this suit. However, the appellant has the right to file an independent bill attacking the divorce decree in the case of John W. Atkinson against her, for fraud (Tarver v. Tarver, 10 Tenn. App., 677; Clemmons v. Haynes, 3 Tenn. App., 20), and she may recover for support and maintenance of his minor children if the facts warrant it, but these matters are not before us. See Evans v. Evans, 125 Tenn., 112, 140 S. W., 745, Ann. Cas. 1913C,

294; Baker v. Baker, 169 Tenn., 589, 592, 89 S. W. (2d), 763; Fuller v. Fuller, 169 Tenn., 586, 89 S. W. (2d), 762; Cartwright v. Juvenile Court, 172 Tenn. 626, 113 S. W. (2d), 754.

The first assignment of error having been sustained, it results that the decree of the Chancellor is reversed and the bill dismissed. The costs of the cause including the costs of the appeal are adjudged against W. B. Atkinson and the surety on his prosecution bond.

Faw, P. J., and Felts, J., concur.

## ON PETITION FOR REHEARING.

CROWNOVER, J. This case is again before us, on a petition for a rehearing, but as the petitioner has not raised any new questions, and as we have considered all the questions in our original opinion, it results that his petition must be denied.

Briefly stated, the petitioner had title to this land and conveyed it to his brother, John W. Atkinson, by deed. Defendant John W. Atkinson and defendant Bertha Atkinson went into possession and lived on this land under that deed. John W. Atkinson obtained a divorce from his wife, Bertha Atkinson, but no disposition of this property was made in the decree, and after the divorce was obtained he left her and her children in possession of the property. John W. Atkinson owed a balance of $50 on the purchase price and later redelivered the deed to W. B. Atkinson, who now claims to own the property. A pro confesso and final decree were taken against John W. Atkinson. No deed was executed by John W. Atkinson back to W. B. Atkinson.

Now the petitioner insists that defendant Mrs. Atkinson is in possession under her husband, John W. Atkinson, who went into possession under W. B. Atkinson, and therefore she cannot now deny complainant's title.

There is nothing in this contention. It is not shown by what title the defendant Mrs. Bertha Atkinson claims the property, but taking it for granted that she does claim under John W. Atkinson, by parol gift or deed, or that she does not claim under anybody, her possession is good against everybody except the true owner. Certainly the legal title is not in the petitioner, W. B. Atkinson, and he cannot recover in ejectment without the legal title, as shown in our original opinion; therefore the petition is denied and the costs will be taxed against the petitioner.

Faw. P. J., and Felts, J., concur.