DAVENPORT *v.* DAVENPORT.

(*Nashville,* December Term, 1941.)

Opinion filed April 4, 1942.

518

Rutherford & Rutherford, of Nashville, for plaintiff in error.

CLAUDE CALLICOTT, of Nashville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

An absolute divorce was granted Mrs. Ethel Jane Davenport by judgment of the Circuit Court of Davidson County on the 27th day of July, 1939.

This petition was filed by Mrs. Davenport on the 9th day of April, 1941, alleging that she has in her custody two children by her divorced husband, James Davenport, defendant, aged eight and nine years; that they are without means and that she is unable to furnish them with adequate support; that while the father was not working and had no income at the time of the divorce and no order on him to pay any stated sum was at that time sought or justified, the defendant, father of these children, is now earning an income from which he could and should be required to contribute to the support of these dependent children. Petitioner, therefore, prayed that the Court modify its decree of July 27, 1939, and now make an allowance order on the dependent to make weekly payments to the clerk of the Court for the support of these children.

The defendant filed his plea in abatement on the ground that the decree of divorce was entered July 27, 1939; that it contained no provision for support of the children, or reference thereto, and no provision retaining the case in Court for this or any other purpose, but that said decree was final, and the Court is now without jurisdiction in that case to entertain this petition or grant the relief sought; and that no such relief can be granted in an independent proceeding, if the petition should be treated

as so filed. The trial Judge sustained this plea and dismissed the petition.

■■ It is well settled that the petition cannot be sustained if it be treated as a new proceeding brought by the wife and mother, either in her own right, or as next friend of the children. *Fuller* v. *Fuller,* 169 Tenn., 586, 89 S. W. (2d), 762, and *Baker* v. *Baker,* 169 Tenn., 589, 89 S. W. (2d), 763. These and other of our cases recognize the father's legal liability for the support of an infant child after divorce and award of custody of the child to the mother, and the mother may prosecute a suit against the father for reimbursement of any sums expended by her for this purpose. *Evans* v. *Evans,* 125 Tenn., 112, 140 S. W., 745, Ann. Cas., 1913C, 294; *Brooks* v. *Brooks,* 166 Tenn., 255, 61 S. W. (2d), 654, approved in *Baker* v. *Baker, supra.* But no decree will lie in such an independent proceeding for future support.

■■ Furthermore, before the adoption of the Code of 1932, unless the original decree of divorce had contained a provision recognized as proper in divorce suits, a practice peculiar to this character of suit, retaining the case in the control of the Court for future orders, thus extending the jurisdiction of the Court, no application for further orders and decrees therein could be entertained. However, this Court has held that any language in the original decree expressing a purpose to retain the case in the control of the Court granting divorce, should be given a liberal construction empowering the Court upon application of either party to order "all such readjustments of the rights of the respective parties as might thereafter appear to be proper." *Fuller* v. *Fuller,* 157 Tenn., 697, 11 S. W. (2d) 896, 897. It was contended in that case that the language of the retention clause of

the decree was too narrow to embrace the particular relief sought, which related to the custody of the children and allowance of alimony; that the decree provided for retention only for "enforcement of the decree," and that the relief sought was not within that term. Rejecting this view, the Court said: "In view of the nature of the cause and the duty of the chancellor, which this court has heretofore emphasized, to retain the cause in his control generally with respect to all matters involving alimony and child custody, we think that the language employed in the provision before us should be given a liberal construction. The word 'enforcement,' used in this connection and under the circumstances dealt with by the chancellor may fairly be construed to embrace modifications both positive and negative in character, tending either to decrease or enlarge the provision for alimony, or to limit or extend the exclusiveness of the control of the children by either party. In a broad and general sense, these matters are incidents of the 'enforcement' of the decree. The word may be fairly treated as synonymous with the execution or performance, or carrying out of its general purposes, which embraces all such readjustments of the rights of the respective parties as might thereafter appear to be proper."

In the same case, after noting Mr. Gibson's recognition of the exception as to finality of decrees applicable to divorce suits, when the cause is retained on the docket for future orders, and the approval of this practice by this Court in *Taylor* v. *Taylor,* 144 Tenn., 311, 232 S. W., 445, and *Going* v. *Going,* 148 Tenn., 522, at page 556, 256 S. W., 890, 31 A. L. R., 633, it was said:

"Such a practice is particularly consistent with the distinctive nature of proceedings in divorce suits, involv-

ing as they do fundamental social conditions, the welfare of dependent children, peculiarly wards of chancery, as well as rights between the husband and wife touching matters subject to unforeseen changes in the controlling conditions.

"Moreover, divorce proceedings which involve matters of continuing, or installment, alimony and the custody of children, are distinguished from most other proceedings, in that the decree is of a twofold, or double-barreled nature, disposing first of the main contention, the granting or denial of the divorce, as to which it becomes final upon its entry, and to which the general rule invoked by counsel for the defendant in this case has undoubted application; but providing next for the disposition of the questions of alimony and child custody, as to which matters it is not only within the power, but it is the duty of the chancellor to retain the cause subject to future decrees."

The holding in *Fuller* v. *Fuller* was approved in *Sessum* v. *Sessum,* 163 Tenn., 6, at page 9, 40 S. W. (2d), 794, which involved a child's support, and in which liberal construction was again given the retention order of the Court, in rejection of the contention that the terms of the decree did not embrace the particular relief sought.

But we have here a case in which the decree of divorce contained no provision for retention of the cause and extension of the Court's jurisdiction thereover. Appellant invokes and relies on modifications of our statutes as carried into the Code of 1932, as Sections 8446 and 8454. Section 8446, with its caption, reads as follows: "*Alimony for support of wife and children.*—Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an

order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties, *the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown.*"

And Section 8454 reads as follows: "*Decree for support of child.*—In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare and interest of the child or children may demand; and the court may decree that suitable support be made by the father. *Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require.*"

We have italicized the language in both Sections added in the Code of 1932 to the former statutes.

▪ Quite obviously, the intention was to incorporate in every divorce decree, without express recitation therein, a retention of control over the decree by the Court as to all questions involving the custody or support of the minor children of the parent parties, with power to make all "such changes or modification" in the decree "as the exigencies of the case may require."

▪ Now, reading into the original decree the foregoing code provisos for retention of control, and having in mind the rule of liberal construction we have applied

in the cases cited, it cannot be doubted that the effect is to extend the jurisdiction of the Court, at least throughout the minority of the children of the parent parties, and empower the Court, on the application of either party, to make any modification or amendments of his original decree touching the support of the children which he might have legally originally incorporated therein.

The point made for the appellee is that the original decree made no provision for the support of these children and that the code extension of jurisdictional power is limited to modification and changes of a subject, matter, or question as to which some decree had been made; that the decree as made did not adjudge the father liable for this charge—the support of his children.

■ A sufficient answer is that this liability for support of minor children exists and continues independent of any specific decree to this effect in any given case. As we have seen, the Courts of this State recognize the legal liability of the father for the support of his infant children, even after divorce and an award of the custody to the mother. *Evans* v. *Evans, supra; Brooks* v. *Brooks, supra,* and *Baker* v. *Baker, supra.* And, as said in *Baker* v. *Baker* [169 Tenn., 589, 89 S. W. (2d), 764], "To this right and protection which the infant child has, the Legislature has added the burden of a criminal offense, punishable as such, in case the person chargeable with the care of a child under 16 years of age, willfully and without good cause, neglects or fails to provide for such child according to his means. Code, section 11379."

In *Graham* v. *Graham,* 140 Tenn., 328, 204 S. W., 987, 988, Mr. Justice LANSDEN, speaking of the custody and support of minor children in divorce cases, says: "The cardinal inquiry in all such cases is: What is the best

interest of the infant children? They are in no wise responsible for the marriage or divorce of these people, and they cannot be connected in any responsible manner with the financial misfortunes of the mother. Consequently they must be the innocent sufferers from the failure of the father to contribute to their support. His duty to furnish them the necessities of life is a natural one, which it is impossible to understand how a father, who loves his children, would seek to evade. It is also a duty imposed upon him by the law of the land, which he cannot evade.''

Now, if the Court, in rendering his original decree of divorce between the parties, for any reason then appearing, or for no reason at all, fails to make an order providing for the support of minor children at that time, can it be said that he may not later, upon application made, with a showing that the exigencies of the situation demand it, exercise the jurisdiction he clearly had and by statute has retained, and modify his original decree by an order on the father to make reasonable contribution to the support of his needy and dependent children? We think justice so requires and that a fair construction of our Code provisions cited supports this authority. The obligation of the husband to the wife is extinguished by a decree of divorce, without provision for alimony, and the holding herein is limited to the child, or children, as to whom, as we have shown, the obligation of the father exists and continues independent of a decree.

The case is reversed and remanded in order that the trial Court may fix the amount to be contributed by the defendant to the support of his children, to be paid to the clerk and by him disbursed.